# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

SAMUEL WHITE,

    Petitioner,

v.                                    CASE NO. 1:12-cv-00208-MP-GRJ

SECRETARY DEPARTMENT OF CORRECTIONS, KENNETH S TUCKER,

    Respondents.

_____/

## O R D E R

    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated April 1, 2015. (Doc. 16). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 17. I have made a de novo review based on those objections.

    Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. As the Magistrate Judge correctly notes, Grounds 1, 2, 3, 5, 6, 7, 9, 10, and 11, are procedurally defaulted, and due to the mass of evidence against petitioner, he cannot show that he fits within the "manifest injustice" exception. The two remaining grounds, 4 and 8, are without merit.

    In Ground 4, the petitioner argues that his counsel should have called a DNA expert to discuss whether certain DNA found at the site matched petitioner. As the Magistrate Judge correctly notes, the government did not rest its case on a DNA match because the sample was not sufficient. Also, several eyewitnesses testified that they knew petitioner and recognized him as

the assailant.  The testimony would not have changed anything, and so no prejudice was caused by counsel's decision not to call the witness.

In Ground 8, petitioner claims his counsel was ineffective for failing to object to an in-court identification of petitioner and backs that claim up with an allegation that the witness was previously shown a photo lineup by the prosecutor.  As the state judge and Magistrate Judge found, however, this is refuted by the record.  First, the witness previously told police that he recognized the petitioner as the victim's husband because he had met him before. Second, the record is clear that the in-court identification happened before discussion of the photo-lineup.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The petition under 28 U.S.C. § 2254, Doc. 1, is denied, and no certificate of appealability is appropriate.

**DONE AND ORDERED** this   _20th_ day of May, 2015

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge